```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
EDITH UBAKANMA,                                                  :
                                                                 :
                    Plaintiff,                                   :
                                                                 :           SUMMARY ORDER
        -against-                                                :
                                                                 :           09-CV-2647 (DLI) (RLM)
MIDWOOD CHAYIN ARUCHIM,                                          :
DIALYSIS ASSOCIATES, INC., ALCOTT                                :
GROUP, LLC, AND MICHAEL SHTERN,                                  :
                                                                 :
                    Defendants.                                  :
----------------------------------------------------------------x
```
**DORA L. IRIZARRY, United States District Judge:**

Plaintiff initiated this action against Midwood Chayim Aruchim Dialysis Associates, Inc. ("Midwood"), Alcott Group LLC ("Alcott"), and Michael Shtern ("Shtern") (collectively, "defendants"). Before the court is defendants' motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons set forth below, defendants' motion is granted and plaintiff's claim arising under 42 U.S.C. § 1981 is dismissed with prejudice. Her claim arising under the New York City Human Rights Law ("NYCHRL") is dismissed without prejudice, as the court declines to exercise supplemental jurisdiction over the state law claims.

## BACKGROUND

In August 2008, plaintiff initiated an action in New York State Supreme Court, Kings County, asserting claims under the NYCHRL, New York State Labor Law ("NYSLL") § 740, the Fair Labor Standards Act ("FLSA"), and for common law unjust enrichment. (Greenhaus Aff. ¶¶ 3-4.) In October 2009, defendants removed that action ("Removed Action") to this court on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1331. (*Id.* ¶ 5.) On December 3, 2008, the parties entered into an agreement entitled "STIPULATION TO REMAND" ("Stipulation") which provides, in relevant part:

1

> [2.] IT IS FURTHER STIPULATED AND AGREED, by and between the attorneys for the parties, that Plaintiff, Edith Ubakanma, will not assert any federal cause of action, including but not limited to, any federal . . . civil rights claim, . . . with respect to the facts, surrounding circumstances, and allegations as set forth in the Complaint . . . and the Amended Complaint [filed in the Supreme Court of the State of New York, Kings County.]
>
> [3.] IT IS FURTHER STIPULATED AND AGREED, by and between the attorneys for the parties, that because there are now no federal causes of actions [sic] asserted in the Amended Complaint, and because Plaintiff has agreed not to assert any federal causes of action in this litigation upon remand to the Supreme Court of the State of New York, Kings County, the defendants consent to this litigation being remanded to the Supreme Court of the State of New York, Kings County.

(*Id.* Ex. A.) The Stipulation was "So Ordered" by the Honorable Carol B. Amon on December 5, 2008. (*Id.*)

After remand, plaintiff filed a Second Amended Complaint in state court which retained plaintiff's claims for violations of the NYCHRL, NYSLL, and for unjust enrichment, but contained no federal claims. (*Id.* Ex. C.) In March 2009, defendants filed a motion to dismiss the state court complaint on the grounds that plaintiff's NYSLL claim was legally insufficient, and that its mere assertion waived plaintiff's ability to bring any other state or local claims against defendants, including those for discrimination under the NYCHRL. On June 22, 2009, plaintiff filed the instant complaint,[1] alleging that defendants discriminated against her in violation of 42 U.S.C. § 1981 and the NYCHRL. On July 24, 2009, the state court dismissed plaintiff's NYCHRL and NYSLL claims, but plaintiff's state claim for unjust enrichment survived. On August 14, 2009, defendants filed a motion to dismiss the instant complaint pursuant to Federal

---

[1] The parties are under the mistaken belief that an "amended complaint" was filed with this court on July 24, 2009. No such pleading was filed using the court's Electronic Case Filing ("ECF") System, as required by this court's rules. *See, e.g.*, *In re Electronic Case Filing*, Administrative Order 2004-08 (E.D.N.Y. June 22, 2004)("Beginning on August 2, 2004, [ECF] will be mandatory for all civil cases other than pro se cases and for all criminal cases."). As such, the complaint filed on June 22, 2009 is the only complaint properly before the court and provides the basis for this opinion.

Rule of Civil Procedure 12(b)(6). Plaintiff responded to the motion on March 15, 2010, but only upon notification from the court that failure to respond by March 18, 2010 would cause the motion to be deemed unopposed. Defendants replied on March 22, 2010. For the following reasons, the motion to dismiss is granted.

## **DISCUSSION**

Rule 12(b)(6) of the Federal Rules of Civil Procedure states that a defendant may move, in lieu of an answer, for dismissal of a complaint for "failure to state a claim upon which relief can be granted." On a motion to dismiss, the court accepts as true all well-pled factual allegations and draws all reasonable inferences in the plaintiff's favor. *See Dangler v. New York City Off Track Betting Corp.,* 193 F.3d 130, 138 (2d Cir. 1999). In *Bell Atlantic Corp. v. Twombly*, the Supreme Court set forth the requirement that a plaintiff plead enough facts to "state a claim to relief that is plausible on its face." 550 U.S. 544, 561 (2007) (citations and internal quotation marks omitted).[2]

A stipulation "is treated as a contract among the parties, and is subject to the general principles of contract construction and interpretation." *Dziennik v. Sealift, Inc.*, 2009 WL 3245291, at *2 (E.D.N.Y. Sept. 30, 2009) (citations omitted). "Under New York law, the terms of a contract must be construed so as to give effect to the intent of the parties as indicated by the language of the contract." *Curry Rd. v. K Mart Corp.*, 893 F.2d 509, 511 (2d Cir. 1990) (citing *Slatt v. Slatt*, 64 N.Y.2d 966, 967 (1985)). "The question of whether the language of a contract is clear or ambiguous is a question of law to be decided by the court." *Compagnie Financiere de CIC et de L'Union Europeenne v. Merrill Lynch, Pierce, Fenner & Smith Inc.*, 232 F.3d 153, 158

---

[2] The court takes judicial notice of the public documents relied on by defendants, which were not included in the complaint, and therefore need not convert the motion to one for summary judgment. *See* FED. R. CIV. P. 12(d).

(2d Cir. 2000). "Contract language is ambiguous if it is capable of more than one meaning when viewed objectively by a reasonably intelligent person who has examined the context of the entire integrated agreement." *Id.* (quotation marks omitted).

Paragraph two of the Stipulation is clear and unambiguous on its face. Plaintiff agreed "not assert any federal cause of action" arising out of the "facts, surrounding circumstances, and allegations" that formed the basis of the Removed Action. (Greenhaus Aff. Ex. A.) The instant complaint alleges a violation of 42 U.S.C. § 1981, and is based on allegations identical to those raised in the Removed Action. Accordingly, the plain language of paragraph two expressly contemplates plaintiff refraining from pursuing this cause of action.

Plaintiff attempts to overcome this seemingly dispositive language by relying on paragraph three of the Stipulation, which provides that: "Plaintiff has agreed not to assert any federal causes of action *in this litigation upon remand*" to state court. (Greenhaus Aff. Ex. A (emphasis added).) According to plaintiff, this language indicates that she was *only* agreeing to forego asserting federal claims in the remanded lawsuit, not in a separate lawsuit such as the instant action. Plaintiff's argument might be more persuasive if paragraph three had read: "Plaintiff has *only* agreed not to assert any federal cause of action in this litigation upon remand to state court." However, the absence of such a limitation completely undercuts plaintiff's interpretation. Moreover, plaintiff's limiting interpretation is completely inconsistent with the plain meaning of paragraph two of the stipulation, which clearly encompasses *any* federal cause of action arising out of the relevant allegations, without limitation. Lastly, plaintiff's limiting interpretation makes little practical sense, as it would have been illogical for the parties to agree that plaintiff could not bring a federal claim in the remanded lawsuit, but could bring one arising from the same allegations in a separate lawsuit. Accordingly, having reviewed the Stipulation as

4

a whole, the court finds the intent of the parties to be clear and unambiguous, and therefore, the § 1981 claim is dismissed with prejudice.[3]

## **CONCLUSION**

For the reasons set forth above, plaintiff's § 1981 claim is dismissed with prejudice. Plaintiff's remaining claim arising under state law is dismissed without prejudice as the court declines to exercise supplemental jurisdiction.

SO ORDERED.

DATED:   Brooklyn, New York
         March 29, 2010

_____/s/_____
DORA L. IRIZARRY
United States District Judge

---

[3] Plaintiff also argues that the motion should be denied because of defendants': (1) failure to specify in their notice of motion the rule upon which the motion is predicated, and (2) reference to Rule 12(c) in their memorandum of law, but reliance on the standard for dismissal under Rule 12(b)(6). Regarding the former, the court has broad discretion to overlook a party's failure to comply with local rules, and hereby exercises that discretion. The latter is clearly a typographical error which has not prejudiced the plaintiff in any way. Moreover, the standards under Rules 12(b)(6) and 12(c) are identical. Accordingly, neither of these issues provides a basis for denying the motion.